IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DEREK N. JARVIS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-00654-AW |
| | * | |
| MONTGOMERY COUNTY, MD., *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Memorandum Opinion

Currently pending before the Court and ready for resolution in this civil rights complaint are Defendant Montgomery County, Maryland ("County")'s motion to dismiss, Doc. No. 5, Defendant Montgomery County Sheriff's Office ("Sheriff's Office")'s motion to dismiss, Doc. No. 9, and Plaintiff's motion for default judgment, Doc. No. 21. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court will deny County's motion to dismiss as moot, grant Sheriff's Office's motion to dismiss, and deny Plaintiff's motion for default judgment against Securitas Security, pursuant to the Court's September 26, 2011 Order granting Securitas Security fourteen days to respond to Plaintiff's complaint.

## I.      Factual & Procedural Background

The following facts are drawn from the Complaint except where otherwise noted. On or around July 31, 2008, Plaintiff, an African-American male, entered the Montgomery County Circuit Courthouse in Rockville, Maryland. Comp. ¶ 3. Plaintiff alleges that as he went through

security, he was subjected to an "extremely rough search" by a Securitas Security guard "who appeared to be of 'arabic' descent," and that the security guard "assaulted" Plaintiff by shoving a "metal detector into the Plaintiff's inside thigh and struck Plaintiff in his genitalia" and then "push[ed] Plaintiff and ripped his expensive $150.00 shirt." *Id.* Plaintiff claims the assault was racially motivated, and that individuals from the Sheriff's Office "compound[ed]" the assault and engaged in a "cover-up." Comp. ¶ 6.

Plaintiff brought suit in this Court on March 14, 2011, filing his complaint together with a motion to proceed in Forma Pauperis. Doc. Nos. 1-2. Because he appears to be indigent, Plaintiff's motion to proceed in Forma Pauperis was granted. Doc. No. 3. Plaintiff alleges violations of 42 U.S.C. §§ 1981 and 1983 for race harassment and discrimination, assault, negligence in training and supervision, negligent hiring and retention of employment services, failure to intervene, violations of the Fourth and Fourteenth Amendments, and civil conspiracy. *See* Compl.[1]

In his original complaint, Plaintiff named as defendants County, Sheriff's Office, Securitas Security, and Isiah Leggett, County Executive for County. *See* Doc. No. 1. However, Plaintiff has since filed an amended complaint which states claims against only Sheriff's Office and Securitas Security. *See* Doc. No. 13.  Although the Court notes that Plaintiff's amended complaint was improperly filed, the Court will nevertheless consider it due to Plaintiff's *pro se* status and because the amended complaint merely removes certain defendants named in the original complaint.

On June 20, 2011, County moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 5. Plaintiff did not respond to County's motion but filed

---

[1]The Court cites to Plaintiff's complaint rather than his amended complaint because Plaintiff filed only one page of his amended complaint, apparently seeking to amend only the parties named in this action. *See* Doc. No. 13.

an amended complaint that does not state a cause of action against County. *See* Doc. No. 13. On

July 5, 2011, Sheriff's Office filed a motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(4), 12(b)(5), and 12(b)(6). *See* Doc. No. 9. Plaintiff did not respond.

On September 21, 2011, Plaintiff moved for default judgment against Securitas Security

on the ground that service of process had been effected upon Securitas Security on July 25, 2011

and it had failed to respond to the complaint. *See* Doc. No. 21. In response to Plaintiff's motion,

Securitas Security filed a letter alleging that Plaintiff had served it at an incorrect address and

that Securitas Security had not in fact been properly served. *See* Doc. No. 22. Accordingly, the

Court gave Securitas Security fourteen days to file an answer or otherwise respond to Plaintiff's

complaint. *See* Doc. No. 23. Plaintiff moved for reconsideration of this Order, *see* Doc. No. 25,

but before that motion could be decided, Plaintiff filed a notice of appeal, *see* Doc. No. 28. The

Fourth Circuit is currently considering Plaintiff's motion for reconsideration, but at this juncture

and unless the Fourth Circuit rules otherwise, Plaintiff's motion for default judgment is denied.

Subsequently, Securitas Security has filed a motion to dismiss pursuant to Federal Rule

12(b)(6) and Local Rule 105. *See* Doc. No. 26. The Court will not consider this motion until the

Fourth Circuit has decided Plaintiff's motion for reconsideration of the Court's Order granting

Securitas Security's request for additional time to respond to Plaintiff's complaint. Accordingly,

at this time the Court will consider only the motions to dismiss brought by County and Sheriff's

Office.

## II.     Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the]

complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain

specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a),

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

III.    **Analysis**

    A.    The County's Motion to Dismiss

Although Plaintiff did not file a response to County's motion to dismiss, Plaintiff filed an amended complaint that does not state a claim against County. The Fourth Circuit has held that

when a plaintiff does not include claims against a party in an amended complaint, the unnamed parties are automatically dismissed from the action, and thus any pending motion to dismiss by those parties is moot. *See Young v. City of Mt. Rainer*, 238 F.3d 567, 573 (4th Cir. 2001). Because Plaintiff's amended complaint does not name either County or Isiah Leggett as parties to the lawsuit, those previously but now unnamed parties have been dismissed. *See* Doc. No. 13. County's motion to dismiss is therefore denied as moot.

B.      Sheriff's Office's Motion to Dismiss Pursuant to Federal Rules 12(b)(4) and 12(b)(5)

The Sheriff's Office moves to dismiss Plaintiff's complaint for insufficient process pursuant to Rule 12(b)(4) and insufficient service of process pursuant to Rule 12(b)(5). The Sheriff's Office contends that there was insufficient process because no summons were actually issued for Sheriff's Office solely, as one of the named Defendants in this case. Indeed, it appears that the summons initially issued in this case improperly combined Sheriff's Office with co-defendant Securitas Security. *See* Doc. No. 9 Ex. 3. However, the record reflects that a summons was in fact properly issued for Sheriff's Office, albeit several months after this case was filed. *See* Doc. No. 8. Additionally, although Sheriff's Office appears to have been improperly served on June 8, 2011, *see* Doc. No. 7, it appears to have been properly served on July 6, 2011, *see* Doc. No. 17. Accordingly, the Court denies Sheriff's Office's motion to dismiss for insufficient process and insufficient service of process.

C.      Sheriff's Office's Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

In both his initial and amended complaints, Plaintiff sues the Sheriff's Office for violation of 42 U.S.C. §§ 1981 and 1983, assault, negligence in training and supervision, negligent hiring and retention of employment services, failure to intervene, violations of the Fourth and Fourteenth Amendments, and civil conspiracy. *See* Doc. No. 1. Under Federal Rule of Civil Procedure 17(b), a plaintiff may bring suit against any entity capable of being sued. Under Maryland law, the Sheriff's Office is not such an entity. *See Hines v. French*, 852 A.2d 1047, 1071 (2004) ("County police departments are agents of the State and should not be viewed as separate legal entities."); *see also Boyer v. State*, 594 A.2d 121, 128 n.9 (1991) ("the 'Sheriff's Department' is not an entity capable of being sued."). Thus, Plaintiff's allegations against the Sheriff's Office fail to state a claim and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, County's motion to dismiss will be denied as moot and Sheriff's Office's motion to dismiss will be granted. A separate order will follow.

   November 14, 2011                                     /s/
           Date                              Alexander Williams, Jr.
                                             United States District Judge