IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DEREK N. JARVIS,<br>Plaintiff,<br><br>v.<br><br>SECURITAS SECURITY SERVICES USA,<br>INC.,<br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 11-cv-00654-AW |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>Memorandum Opinion</u>

Currently pending before the Court and ready for resolution in this civil rights action is Defendant Securitas Security Services USA, Inc. ("Securitas")'s Motion to Dismiss Plaintiff's Complaint. Doc. No. 26. The Court having already dismissed Plaintiff's claims against Defendants Montgomery County, Maryland, Isiah Leggett, and the Montgomery County Sheriff's Office, *see* Doc. No. 34, Securitas's present Motion to Dismiss is all that remains in this action. Securitas has not filed a Reply brief within the requisite time and has informed the Court that it does not intend to file a Reply, and thus this motion is ripe. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court will GRANT Securitas's Motion to Dismiss.

## I.       Factual & Procedural Background

The following facts are taken from the Court's prior Memorandum Opinion, with changes as necessary to reflect the claims at issue. On or around July 31, 2008, Plaintiff, an

African-American male, entered the Montgomery County Circuit Courthouse in Rockville,

Maryland. Compl. ¶ 3. Plaintiff alleges that as he went through security, he was subjected to an

"extremely rough search" by a Securitas Security guard "who appeared to be of 'arabic'

descent," and that the security guard "assaulted" Plaintiff by shoving a "metal detector into the

Plaintiff's inside thigh and struck Plaintiff in his genitalia" and then "push[ed] Plaintiff and

ripped his expensive $150.00 shirt." *Id.* Plaintiff claims the assault was racially motivated and

that individuals from the Sheriff's Office "compound[ed]" the assault and engaged in a "cover-

up." Compl. ¶ 6.

Plaintiff brought suit in this Court on March 14, 2011, filing his Complaint together with

a motion to proceed in Forma Pauperis. Doc. Nos. 1-2. Because he appears to be indigent,

Plaintiff's motion to proceed in Forma Pauperis was granted.  Doc. No. 3. Plaintiff alleges

violations of 42 U.S.C. §§ 1981 and 1983 for race harassment and discrimination, assault,

negligence in training and supervision, negligent hiring and retention of employment services,

failure to intervene, violation of the Fourteenth Amendment, and civil conspiracy, against

Securitas.  *See* Compl.[1]

In his original Complaint, Plaintiff named as defendants Montgomery County, Maryland

("County"), the Montgomery County Sheriff's Office (the "Sheriff's Office"), Securitas, and

Isiah Leggett ("Leggett"), County Executive for County.  *See* Compl.

On June 20, 2011, County moved to dismiss Plaintiff's Complaint under Federal Rule of

Civil Procedure 12(b)(6).  *See* Doc. No. 5. Plaintiff did not respond to County's motion but filed

an Amended Complaint omitting County and naming as Defendants only the Sheriff's Office and

---

[1] The Court cites to Plaintiff's Complaint rather than his Amended Complaint because Plaintiff filed only one page of his Amended Complaint, apparently seeking to amend only the parties named in this action. *See* Doc. No. 13.

Securitas. *See* Doc. No. 13.  Accordingly, the Court denied County's Motion to Dismiss as moot and dismissed both County and Leggett from this action. *See* Doc. No. 33.

On July 5, 2011, the Sheriff's Office filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).  *See* Doc. No. 9. Plaintiff did not respond. On November 14, the Court granted the Sheriff's Office's motion on the ground that the Sheriff's Department is not an entity capable of being sued.  *See Hines v. French*, 852 A.2d 1047, 1071 (2004) ("County police departments are agents of the State and should not be viewed as separate legal entities.").

On October 10, 2011, Securitas filed the Motion to Dismiss presently pending before the Court. The Court had provided Securitas an additional 14 days to file an Answer or responsive pleading after Securitas informed the Court that it had not been properly served. *See* Doc. Nos. 22, 26. Plaintiff appealed the Court's ruling allowing Securitas additional time, and the Fourth Circuit dismissed Plaintiff's appeal on December 20, 2011. Doc. Nos. 39-40. Shortly thereafter, Plaintiff filed a Response to Securitas's Motion to Dismiss, which motion is now ripe, Securitas having declined to file a Reply.


II.      **Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  A

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## III.   Analysis

Pursuant to Rule 12(b)(6), Securitas seeks dismissal of Counts I through VIII of the Complaint. Plaintiff claims a violation of 42 U.S.C. § 1983 (Count I), Assault (Count II), Negligent Training and Supervision (Count III), Negligent Hiring and Retention of Employment Services (Count IV), Failure to Intervene (Count V), violation of the Fourth and Fourteenth

4

Amendments (Count VI), Civil Conspiracy (Count VII), and violation of 42 U.S.C. § 1981

(Count VIII).  The Court will address the validity of each claim below.

     A.     <u>Count I: Section 1983 Claim</u>

Section 1983 states in pertinent part, "every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be

subjected, any citizen of the United States … to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action

at law … for redress."  42 U.S.C. § 1983.

"To state a claim under  § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The "under the color of state law" requirement in § 1983 actions is the equivalent of the state

action requirement under the Fourteenth Amendment.  *Goldstein v. The Chestnut Ridge Fire Co.*,

218 F.3d 337, 341 (4th Cir. 2000).

     1.     Color of State Law Requirement under 42 U.S.C. § 1983

"The traditional definition of acting under color of state law requires that the defendant in

a 1983 action have exercised power 'possessed by virtue of state law and made possible only

because the wrongdoer is clothed with the authority of state law.'"  *Atkins*, 487 U.S. at 49.  To

establish conduct as state action, "the deprivation must be caused by the exercise of some right

or privilege created by the State … or by a person for whom the State is responsible … [and] the

party charged with the deprivation must be a person who may fairly be said to be a state actor.'"

*Lugar v. Edmondson*, 457 U.S. 922, 937 (1982).  "[S]tate employment is generally sufficient to

render the defendant a state actor." *Atkins*, 487 U.S. at 49; *Lugar*, 457 U.S. at 936, n.18.

Additionally, there are three circumstances in which a private entity's conduct could constitute

state action under Section 1983: (1) where there is a "symbiotic relationship" between the state

and the private party; (2) when there is "extensive governmental regulation" of the private party;

or (3) "when 'the private party has exercised powers that are traditionally the exclusive

prerogative of the state.'" *Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 215 (4th

Cir. 1993) (quoting *Blum v. Yaretsky*, 457 U.S. 991 (1982)).  A "symbiotic relationship" occurs

when there is a showing of a close relation between the private entity's challenged action and the

state, so that the action can be seen as conduct of the state.  *Haavistola*, 6 F.3d at 215.

Although a private entity, Defendant should be considered a "state actor" under Section

1983 because of its contractual relationship with the Montgomery County Sheriff's Office, a

state unit under Maryland Law.  Furthermore, there is a clear "symbiotic relationship" between

Securitas and the State of Maryland.  In addition to the contractual relationship with Securitas

and the Sheriff's Office, Defendant's security guard was employed to work inside a courthouse.

Where the state permits a security guard to engage in reasonable searches of persons entering the

courthouse, it is "generally sufficient to render" the conduct of the security guard as state action.

Accordingly, the Court finds that the "under the color of state law" requirement has been met.

*See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state

officials in a challenged action, are acting 'under color' of law for purposes of § 1983 actions.").

2.      Violation of a Right Secured by Law Requirement under 42 U.S.C. § 1983

Although the Court finds Defendant acted "under the color of state law," Plaintiff has not

alleged enough factual assertions to show a "violation of a right secured by the Constitution."

Plaintiff alleges in his Complaint a violation of his Fourth Amendment right against unreasonable searches.

The Fourth Amendment states, "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches … shall not be violated."  U.S. CONST. amend. IV.  However, "where the risk to public safety is substantial and real, blanket suspicionless searches calibrated to the risk may rank as 'reasonable'—for example, searches now routine at airports and at entrances to courts and other official buildings."  *Chandler v. Miller*, 520 U.S. 305, 323 (1997).  The Supreme Court has determined that the "need for such measures to ensure public safety can be particularly acute."  *City of Indianapolis v. Edmond*, 531 U.S. 32, 47-48 (2000).  Furthermore, when inquiring into the reasonableness of excessive force used during a search, an objective approach should be used to make this determination.  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Terry v. Ohio*, 391 U.S. 1, 21 (1968).  This Court must examine the actions of the security guard to establish whether the conduct was "'objectively reasonable' in light of the facts and circumstances confronting them … without regard to their underlying intent or motivation."  *Graham*, 490 U.S. at 397.  Additionally, "'not every push or shove, even if it may later seem unnecessary' … violates the Fourth Amendment."  *Id.* at 396.

Plaintiff stated in his Complaint that the security search occurred at the entrance of the courthouse.  Since courts routinely perform these types of searches in order to "ensure public safety," the Court deems reasonable the fact that Plaintiff was subjected to a search.  However, the amount of force used in a particular search, if found to be excessive, could deem the search unreasonable, and thus the Court must consider the facts alleged by Plaintiff relating to the search.  Plaintiff alleges the security guard employed by Defendant "roughly" used his metal detector and "struck . . . [Plaintiff's] genitalia," pushed Plaintiff, and tore his shirt.  These factual

assertions, standing alone, are not enough to make out a violation of the Fourth Amendment.  As stated above, "not every push or shove" is a violation of this constitutional right.  The use of a metal detector is customary during security searches at a courthouse, and although some of the security guard's actions alleged by Plaintiff were unnecessary, the facts asserted are not enough to compel the Court to find a violation.

      B.    <u>Count II: Assault Claim</u>

Plaintiff contends that the rough courthouse search to which he was subjected constitutes an assault. Based on Plaintiff's contentions, the Court finds that a viable assault claim could have been made but for the statute of limitations. Under Maryland law, a claim for assault must be filed "within one year from the date it accrues."  MD. CODE ANN., CTS. & JUD. PROC. § 5-105. Plaintiff states in his Complaint that the alleged assault took place approximately on or about July 31, 2008.  Plaintiff filed his Complaint with the Court on March 14, 2011, well over a year from the date the assault action accrued.  Therefore, Plaintiff's assault allegation is barred by Maryland's statute of limitations. To the extent Plaintiff's assault claim can be construed as one for excessive force in violation of the Fourth Amendment, such a claim fails for the reasons stated above.

      C.    <u>Count III: Negligent Training and Supervision Claim</u>

Plaintiff's claim for negligent training and supervision fails as a matter of law because Plaintiff has alleged no facts indicating that Defendant had or should have had knowledge of its security guard's general character or prior conduct that would require Defendant to take action. Under common law, for a plaintiff to establish a cause of action against an employer for negligent training and supervision, he or she must satisfy the following five elements: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's

actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring, [supervising], or retaining employee as the approximate cause of plaintiff's injuries." *Latty v. St. Joseph's Soc. of Sacred Heart, Inc.*, 17 A.3d 155, 165 (Md. Ct. Spec. App. 2011); *State v. Jones*, 14 A.3d 1223, 1241 (Md. Ct. Spec. App. 2011); *see also Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 751 (D. Md. 1996) (noting that in a claim for negligent training and supervision, the plaintiff must allege facts to demonstrate that the employer had or should have had knowledge of the employee's "conduct or general character which would have caused a prudent employer in these circumstances to have taken action.").

Here, Plaintiff's claim for negligent training and supervision consists of little more than conclusory allegations and generalizations clearly insufficient to meet *Twombly* standards. . Plaintiff alleges only that Defendant should be responsible for the actions of its employees without providing any factual basis that Defendant had "actual or constructive knowledge" of the "conduct or general character" of its security guard.  Therefore, the Court will give no deference to the legal conclusions alleged by Plaintiff and will dismiss this Count for failure to state a claim upon which relief can be granted.

D.    Count IV: Negligent Hiring and Retention of Employment Services

Plaintiff has failed to state factual allegations to assert a cause of action of negligent hiring and retention of employment services.  Maryland has recognized that under this common law  claim, an employer has an "obligation to the public to use due care in selecting and retaining only competent and careful employees." *Henley v. Prince George's Cnty.*, 479 A.2d 1375, 1382 (Md. Ct. Spec. App. 1984); *Jones*, 14 A.3d at 1241.  The five elements of negligent training and supervision, stated above, must also be satisfied in an action for negligent hiring and retention of

employment services.  Furthermore, "[t]here is a rebuttable presumption that an employer has used due care in hiring [an] employee." *Horridge v. St. Mary's Cnty. Dept. of Soc. Servs.*, 854 A.2d 1232, 1238 (Md. 2004).

In this case, Plaintiff draws legal conclusions concerning Defendant's negligent hiring and retention without stating factual assertions to support the claim.  Plaintiff alleges that Defendant was "unfit and incompetent" but does not give a factual basis as to why; nor does he show how this relates to the hiring of the security guard.  There are no allegations set forth in the Complaint that demonstrate the security guard was unqualified or incompetent at the time Defendant hired him, and Defendant provides no other explanation for his contention that Defendant engaged in negligent hiring practices.  These conclusory allegations are not enough to establish a claim for negligent hiring and retention of employment services; therefore, the Court has dismissed this Count.

E.     <u>Count V: Failure to Intervene</u>

Plaintiff asserts in his Complaint a separate claim against Defendant for failure to intervene under 42 U.S.C. § 1983.  The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act … coupled with a duty to act." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 202 (4th Cir. 2002).  A "bystander officer" could be liable for his or her nonfeasance if he or she: "1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id.* at 204.  However, if no excessive force is applied by the fellow officer, the officer witnessing the conduct "cannot be held liable under bystander liability for a failure to intervene." *Howie v. Prince George's Cnty.*, Civ. No. DKC 2006-3465, 2009 WL 2426018, at *6 (D. Md. Aug. 5, 2009), *see also Hinkle v. City of Clarksburg, West Virginia*, 81

F.3d 416, 420 (4th Cir. 1996) (holding that "[i]n the absence of any underlying use of excessive force," bystander liability is inapplicable).

In Count I, the Court dismisses the claim regarding the use of excessive force by the security guard.  The finding of an absence of excessive force makes the allegation of a failure to intervene improper to the observing security guards, since they were not obligated to act under these circumstances.  In light of the fact that Plaintiff was unable to plead enough factual allegations to show an excessive amount of force made by Defendant, this Count will also be dismissed.

F.     Count VI: Violation of the Fourth and Fourteenth Amendments

Plaintiff brings claims under the Fourth and Fourteenth Amendments due to his "rough" search. For the reasons discussed above in relation to Count I, Plaintiff's Fourth Amendment claim is dismissed. Because excessive force claims are properly analyzed under the Fourth Amendment rather than the Fourteenth Amendment, *see Graham v. Conner*, 490 U.S. 386, 395 (1989), Plaintiff's Fourteenth Amendment claim is likewise dismissed.

G.     Count VII: Civil Conspiracy

Under Maryland law, "civil conspiracy is not recognized as a separate cause of action." *Woods v. Stewart Title Guar. Co.*, Civ. No. CCB-06-0705, 2006 WL 2135518, at *4 (D. Md. July 28, 2006); *see also Alleco, Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1045 (Md. 1995) (noting that conspiracy has consistently been held as "not [being] a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.").  Courts have defined civil conspiracy as "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful

means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Hoffman v. Stamper*, 867 A.2d 276, 290 (Md. 2005); *Green v. Wash. Suburban Sanitary Comm'n*, 269 A.2d 815, 824 (Md. 1970). Conspiracy operates as a way of "establishing vicarious liability for the underlying tort." *Hill v. Medlantic Health Care Grp.*, 933 A.2d 314, 334 (D.C. 2007). Additionally, it can also provide a means to hold a "co-conspirator liable for the acts committed in furtherance of the conspiracy by another member." *Woods*, 2006 WL 2135518, at *4.

Here, Plaintiff has pled civil conspiracy as an independent count, separate from the claims of tortious liability and constitutional violations. Accordingly, dismissal of Plaintiff's civil conspiracy claim is proper. Furthermore, civil conspiracy is a method of finding other defendants liable for actions "committed in furtherance of the conspiracy of another member;" however, Securitas, is the only defendant in this cause of action, since the Court dismissed the action against the other defendants. For this reason also, Plaintiff's claim fails.

H.    <u>Count VIII: Section 1981 Claim</u>

Section 1981 in pertinent part states, "[a]ll persons … shall have the same right in every State and Territory to make and enforce contracts … to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). This statute defines the phrase "to make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

For Plaintiff to establish a claim under Section 1981, he must show that: (1) Defendant intended to discriminate against him based on race; and (2) the alleged discrimination interfered

with a contractual relationship.  *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006); *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

In this case, Plaintiff has not alleged any facts in his Complaint which would demonstrate that Plaintiff has a contractual interest.  Plaintiff's cause of action focuses primarily on the security search performed by Defendant at the entrance of the courthouse.  Plaintiff does not allege that Defendant discriminated against him in any way that interfered with his ability "to make and enforce contracts."  As a result, Plaintiff has failed to plead allegations to establish a cognizable claim under Section 1981.  Thus, the Court will dismiss this Count based on Plaintiff's failure to state a claim upon which relief could be granted.

## IV.    CONCLUSION

For the foregoing reasons,[2] Securitas's Motion to Dismiss will be granted.  A separate Order will follow.

_February 16, 2012_                              _____/s/_____
         Date                                    Alexander Williams, Jr.
                                                 United States District Judge

---

[2]The Court notes that, although it independently reviewed the instant action on its own merits, accepting Plaintiff's well-pled allegations as true, the Court aware that Plaintiff has filed several frivolous lawsuits in this Court. *See Jarvis v. Enterprise Fleet Servs. & Leasing Co.*, Civ. No. DKC 07-3385, 2010 WL 1068146, at *2 n.2, *24 (D. Md. Mar. 17, 2010) (noting that Plaintiff was in the process of simultaneously pursuing five lawsuits in this court alone, and issuing Plaintiff a "stern warning" that "continuing his current pattern of filing frivolous lawsuits in this court, and vexatious filings within those suits, may well result in action from the collective bench, including requiring him to seek leave of the court prior to commencing any future lawsuit here … Plaintiff is hereby placed on notice that the court will not continue to tolerate the practices he has demonstrated in the instant action. He is further advised to proceed with extreme caution in the cases he now has pending and in any future cases he may choose to pursue in this court."). The Court notes with great concern that, despite Chief Judge Chasanow's warning, Plaintiff went on to file the present action, which contains certain claims rife with bald allegations, devoid of any factual basis, that border on the frivolous.